UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                              BKY Case No. 14-44130

Nicole L. Sowell,                                   ORDER APPROVING APPLICATION
                                                    FOR COMPENSATION
            Debtor.

_____

At Minneapolis, Minnesota, August 7, 2015.

This matter came before the Court on July 23, 2015, on the application for compensation by counsel for the Debtor. Karl Oliver, counsel for the Debtor, appeared on his own behalf. Karl Johnson appeared on behalf of the chapter 13 trustee. Based on the submissions and the arguments of counsel, the Court enters this order regarding the fee application of Mr. Oliver.

**Background**

The facts giving rise to the "no look"[1] fee application of counsel for Ms. Sowell are not in dispute. Ms. Sowell sought relief under the provisions of chapter 13 on October 10, 2014. Confirmation of her modified plan was denied on May 7, 2015. ECF No. 41. Ms. Sowell was not successful in confirming any chapter 13 plan; on June 3, 2015, she voluntarily converted her case to one under chapter 7. ECF No. 45.

Thereafter, on June 29, 2015, the chapter 13 trustee filed his "Final Report and Account." ECF 51. That report reflected funds being paid to him by the debtor of $2,245.00, expenses of $389.97, leaving funds "on hand" of $1,855.03.[2] Id.

Mr. Oliver's application sought not only approval of the "no look" fee, but also sought an additional term in the order that would authorize the trustee to disburse to him the balance of the funds remaining. ECF No. 44. The trustee filed a response to the fee application and set it on for hearing. ECF No. 50. In his response, the trustee noted that "[He] does not oppose the court's granting the relief requested in the application, but asks that the court hold a hearing on the fee

---

[1] So-called because of Local Rule 2016-1(d)(1) which allows a fee not to exceed $2,500.00 to a debtor's attorney for pre-confirmation services for a debtor who is below the applicable median family income. Loc. R. Bankr. P. (D. Minn.) 2016-1(d)(1). Under this rule, no notice or hearing is necessary, and the court may enter an order approving the application without more.

[2] The $389.97 paid out was itemized as follows: $114.97 for the trustee's expenses of administration and $275.00 to a secured creditor, as an adequate protection payment.

application to consider the issues raised in Harris v. Viegelahn." Id.

## Discussion

It has long been the practice in the District of Minnesota that fee applications such as the one at bar would be reviewed by the presiding judge, and usually approved out-of-hand. In fact, the prior version of the order used in this type of situation[3] included a term that provided, "If no plan is confirmed, the Chapter 13 trustee is authorized to disburse to Applicant from funds on hand, funds in the amount of the fees and expenses allowed hereunder." Order in Local Form 2016-1.[4] All that changed, though, when the Supreme Court handed down Harris v. Viegelahn,[5]

The Court held that "under the governing provisions of the Bankruptcy Code, a debtor who converts to Chapter 7 is entitled to return of any postpetition wages not yet distributed by the Chapter 13 trustee." Id. at 1835. While the Harris case involved a debtor whose plan had been confirmed, this Court believes that the logic and analysis employed by the Supreme Court applies with equal force to a case, like this one, in which no plan has been confirmed.[6]

Mr. Oliver raises several defenses to the "response" of the trustee, none of which has any merit. Indeed, as has already been pointed out, the trustee has no objection to the reasonableness of the fees. The concern expressed is aimed at the proposed term that the trustee be directed to remit the funds remaining in his account directly to Mr. Oliver, in possible contravention of Harris.

First, counsel for the Debtor challenges the standing of the trustee to even be heard on the issues presented. The case law he cites in support of his contention, while ordinarily sound, does not recognize that Congress has specifically given the standing chapter 13 trustee broad latitude in chapter 13 cases. Specifically, 11 U.S.C. § 1302(b) sets forth a litany of duties and responsibilities of the trustee:

The trustee shall —
    perform the duties specified in sections 704(a)(2), 704(a)(3),

---

[3] Although this case involves a conversion to chapter 7, this order was also used in those cases that had been dismissed.

[4] This form of order, however, has been amended, effective August 1, 2015, to remove this term.

[5] Harris v. Viegelahn, 575 U.S. ___, 135 S.Ct. 1829 (May 18, 2015).

[6] One might then ask if such reasoning would also apply to a case that has been dismissed. Since that question is not before me, the answer to that query will have to wait for another day.

>   704(a)(4), 704(a)(5), 704(a)(6), 704(a)(7), and
>   704(a)(9) of this title[.]

11 U.S.C. § 1302(b)(1).

Significantly, two of those subsections bear directly on the issues presented in this fee application: § 704(a) "The trustee shall — (2) be accountable for all property received;" and "(7) . . . furnish such information concerning the estate and the estate's administration as is requested by a party in interest[.]"

In short, Congress has provided the necessary statutory basis for the chapter 13 trustee to appear and be heard on this fee application. Mr. Oliver's contention to the contrary is therefore without merit.

Second, counsel points to the chapter 7 trustee's "report of no distribution"[7] and suggests that the issue raised by the chapter 13 trustee is moot. Granted, the determination that this is a "no asset" case, and that the chapter 13 trustee needn't "fear" any action against him by the chapter 7 trustee is a valid point. However, the crux of the relief sought by counsel, e.g., the inclusion in the order of a specific term authorizing the chapter 13 trustee to tender to him the $1,855.03 still on hand, is still very much in play.

The other two arguments advanced by Mr. Oliver seem to be intertwined. He contends that "the issue of whether a debtor's counsel should be paid for legal services in a converted chapter 7 bankruptcy case is not ripe for resolution at this early stage." He then argues that since his legal fees "far exceed[ed] the amount in the 'no-look' fee application[,]" that he "[should] receive the amounts held by the trustee for payment of services for the chapter 7 conversion. In that way, this case is distinguishable from Harris as the amounts are for a contemporaneous exchange rather that the payment of past debt for the chapter 13 case."[8]

At the inception of this case, Mr. Oliver agreed to accept the sum of $2,500.00 for all of his pre-confirmation services in Ms. Sowell's chapter 13 case.[9] As is customary in chapter 13 cases, he agreed to have the entirety of his fees paid through the plan. Unfortunately, there was never a plan confirmed in this case. Upon conversion to chapter 7, the Debtor filed a new set of schedules, statement of financial affairs, and other required documents. Mr. Oliver disclosed the fee for his services as $2,500.00, and that he received no fees prior to filing the conversion

---

[7] See text entry regarding same, docketed on July 16, 2015.

[8] See Reply to Chapter 13 Trustee's Response to Debtor's Counsel's Fee Application. ECF No. 52, p. 4.

[9] See Disclosure of Compensation of Attorney for Debtor. ECF No. 10, p. 31.

documents.[10]  It is difficult to ascertain exactly which fees he wants approved.  Is it the $2,500.00 for the pre-confirmation fees for his work while the case was pending in chapter 13?  Or is it the fees for his work in the converted chapter 7 case?  If it's the former, the fees may be approved, but the question of who should get them is controlled by Harris.  If it's the latter, any pre-petition fees owed Mr. Oliver would be subject to discharge in the chapter 7 case – as a matter of law, under 11 U.S.C. § 524(a)(2).[11]  In either event, it would be inappropriate for any order regarding this fee application to contain a provision directing that the funds remaining in the hands of the chapter 13 trustee be paid to Mr. Oliver.

Based on the foregoing,

**IT IS HEREBY ORDERED** that the application of Karl Oliver for compensation in the sum of $2,500.00 is **APPROVED**.

*/e/ Michael E. Ridgway*
_____
Michael E. Ridgway
United States Bankruptcy Judge

```
NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 08/07/2015
Lori Vosejpka, Clerk, by T RU
```

---

[10] See Disclosure of Compensation of Attorney for Debtor.  ECF No. 45, p. 33.

[11] As noted above, prior to the hearing, the chapter 7 trustee docketed his report of no distribution in this "no asset" case, i.e., there will be no distribution in this case to any of the Debtor's unsecured creditors.  See fn 7, supra.